IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKUR W. STEWART f/k/a EVEROLD W. STEWART, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-CV-0497-M |
| JOHN COUGHLIN and the CITY OF DALLAS, | § § § § | |
| Defendants. | § § | |

**DEFENDANT JOHN COUGHLIN'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT, DEFENSES AND COUNTERCLAIM**

TO THE HONORABLE COURT:

Defendant John Coughlin ("Coughlin" or "Defendant"), pursuant to Rules 8 and 12(a)(4) of the Federal Rules of Civil Procedure and this Court's Order dated August 12, 2021 (Dkt. No. 38), files his answer, defenses, and counterclaim to the Plaintiff's Second Amended Complaint (the "Complaint") (Dkt. No. 36), filed on July 28, 2021.

**I.     ANSWER TO THE COMPLAINT**

1.1     With respect to Complaint paragraph 1, Coughlin admits that Plaintiff has brought this lawsuit under 42 U.S.C. § 1983, and that Plaintiff asserts claims arising from his criminal prosecution and conviction for murder.  Coughlin denies the remaining allegations of that paragraph.

1.2     Coughlin denies the allegations pleaded in the first four sentences of Complaint paragraph 2, except that he admits he was the Dallas Police Department ("DPD") detective in charge of Michelle Chin's murder investigation.  The fifth sentence of Complaint paragraph 2 includes statements of law for which no answer is required.

1.3   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 3.

1.4   Coughlin denies the allegations pleaded in Complaint paragraph 4.

1.5   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 5.

1.6   Coughlin admits the allegations pleaded in Complaint paragraph 6.

1.7   Coughlin admits the allegations pleaded in Complaint paragraph 7.

1.8   With respect to Complaint paragraph 8, Coughlin admits that the Court has jurisdiction over the Plaintiff's alleged federal claims under the federal statutes cited in that paragraph.

1.9   Coughlin admits the venue allegations pleaded in Complaint paragraph 9.

1.10   Upon information and belief, Coughlin admits the allegation pleaded in the first sentence of Complaint paragraph 10.  Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the second, third, and fourth sentences of that paragraph.

1.11   Coughlin denies as stated the allegations pleaded in Complaint paragraph 11.

1.12   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 12.

1.13   Coughlin admits the allegations pleaded in Complaint paragraph 13.

1.14   With respect to Complaint paragraph 14, Coughlin lacks knowledge or information sufficient to form a belief about what Davidson testified to at trial. Coughlin denies the remaining allegations as pleaded in Complaint paragraph 14.  Coughlin pleads that his notes

indicate (among other things) that "Davidson stated that he didn't see the shooters but know they are Jamaicans from the voices he heard."

1.15    Coughlin denies as stated the allegations pleaded in Complaint paragraph 15. Coughlin pleads that his notes indicate that Davidson reviewed a book of photos presented by Detective Story and "selected the photo of David Matthews [personal information omitted] as the man he observed shoot the [complainant]."

1.16    Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 16.

1.17    Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 17.

1.18    With respect to Complaint paragraph 18, admits the allegations pleaded in that paragraph, except that he denies that the handwritten notes indicate that Gemda "returned to the apartment complex."

1.19    Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 19.

1.20    Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 20, because it is unknown what the jury relied upon.

1.21    Coughlin denies the allegations pleaded in Complaint paragraph 21.

1.22    Coughlin denies the allegations pleaded in Complaint paragraph 22, except that he admits that he communicated with the Assistant District Attorney about the case.

1.23   Coughlin lacks knowledge or information sufficient to form a belief about the truth pleaded in Complaint paragraph 23, including the contents of Robert Dark's affidavit referenced in that paragraph.

1.24   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 24, including the contents of Royce West's affidavit referenced in that paragraph.

1.25   Coughlin admits the allegations in Complaint paragraph 25.

1.26   Coughlin denies the allegations pleaded in Complaint paragraph 26, except that he admits that he listed Davidson as the only witness in the prosecution report, and that Davidson positively identified Plaintiff from a photo spread as one of the three suspects he saw shooting at the complainant, Michelle Chin.

1.27   Coughlin denies the allegations pled in Complaint paragraph 27.

1.28   Coughlin denies as stated the allegations pleaded in Complaint paragraph 28. Coughlin pleads that contrary to Plaintiff's allegations, he did not know that when he wrote the prosecution report the State's entire case would revolve around Davidson's eyewitness testimony of Plaintiff as the shooter, or that Davidson's prior statements would be critical evidence at trial. Coughlin further pleads that he provided his entire investigative file (including information about Davidson's prior contradictory statements) to the assistant district attorney well in advance of the trial, and that he reasonably believed that the assistant district attorney would disclose to the defense Davidson's prior statements as possible impeachment evidence.

1.29   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 29, because it is unknown how and why the jury made its decision.

1.30   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 30, because the rule excluding witnesses was invoked at trial, so Coughlin was not present in the courtroom for testimony.

1.31   Coughlin admits the allegations pled in the first sentence in Complaint paragraph 31. Coughlin denies the allegations in the second and third sentences in the Complaint paragraph 31.

1.32   Coughlin denies the allegations as stated in Complaint paragraph 32, but admits he was a veteran police detective at the time of the Chin murder, but lacks knowledge or information sufficient to form a belief about the balance of the allegations in Complaint paragraph 32, including any prediction about how different evidence might have affected the jury's determination.

1.33   Coughlin denies the allegations pleaded in Complaint paragraph 33.

1.34   Coughlin denies as stated the allegations pleaded in Complaint paragraph 34.

1.35   Coughlin denies as stated the allegations pleaded in Complaint paragraph 35.

1.36   Coughlin denies the allegations pleaded in Complaint paragraph 36.

1.37   Coughlin denies the allegations pleaded in Complaint paragraph 37.

1.38   Coughlin denies the substantive allegations pleaded in Complaint paragraph 38 but admits that Rickey Dale Wyatt brought a civil lawsuit against him alleging claims arising out of Wyatt's 1981 conviction, and that Wyatt subsequently voluntarily dismissed the suit. Coughlin expressly denies that he suppressed exculpatory evidence in the matter involving Wyatt, and further denies any wrongdoing.

1.39   Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 39.

1.40 Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 40.

1.41 Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the first sentence in Complaint paragraph 41.  Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Complaint paragraph 41, because Coughlin did not create or control the District Attorney's trial file.

1.42 Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 42.

1.43 Coughlin lacks knowledge or information sufficient to form a belief about the allegations pleaded in Complaint paragraph 43.

1.44 Complaint paragraph 44 and footnote 2 do not plead any factual allegations against Coughlin.  Instead, Plaintiff assert conclusions of law to which no answer is required.

1.45 Complaint paragraph 45 asserts a conclusion of law to which no answer is required.

1.46 Coughlin lacks knowledge or information sufficient to form a belief about the allegations in Complaint paragraph 46.

1.47 Coughlin lacks knowledge or information sufficient to form a belief about the allegations pleaded in Complaint paragraph 47.

1.48 Coughlin lacks knowledge or information sufficient to form a belief about the allegations pleaded in Complaint paragraph 48.

1.49 Coughlin lacks knowledge or information sufficient to form a belief about the allegations pleaded in Complaint paragraph 49.

1.50     Coughlin lacks knowledge or information sufficient to form a belief about the allegations pleaded in Complaint paragraph 50.

1.51     Paragraph 51 of the Complaint merely incorporates by reference the preceding paragraphs of the Complaint. Therefore, Coughlin answers by incorporating by reference the preceding paragraphs of this answer.

1.52     Coughlin admits the allegations pleaded in Complaint paragraph 52.

1.53     Complaint paragraph 53 asserts a conclusion of law to which no answer is required.

1.54     Complaint paragraph 54 asserts a conclusion of law to which no answer is required.

1.55     Coughlin admits the allegations in the first and second sentences in Complaint paragraph 55. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in Complaint paragraph 55.

1.56     Coughlin admits the allegations in Complaint paragraph 56.

1.57     With respect to the allegations pleaded in Complaint paragraph 57, Coughlin denies that he did not communicate the content of the statements in issue to the district attorney. Coughlin lacks knowledge or information sufficient to form a belief about the remaining allegations pleaded in Complaint paragraph 57.

1.58     Coughlin denies the allegations pleaded in Complaint paragraph 58.

1.59     Coughlin denies as stated the allegations pleaded in Complaint paragraph 59, because prosecution reports were to provide a concise summary about witness testimony.

1.60     Coughlin lacks knowledge or information sufficient to form a belief about the allegations in Complaint paragraph 60.

1.61  Coughlin denies the substantive allegations pleaded in Complaint paragraph 61.

1.62  Coughlin denies the allegations pleaded in Complaint paragraph 62.

1.63  Complaint paragraph 63 asserts an alternative theory of recovery. To the extent an answer is required, Coughlin denies that Plaintiff has stated a claim against him upon which relief can be granted under the Fourth or Sixth Amendments, and further denies that Plaintiff is entitled to any relief based on any alleged deprivation of rights secured by the United States Constitution or federal statute.

1.64  Coughlin denies the allegations pleaded in Complaint paragraph 64.

1.65  Paragraph 65 of the Complaint merely incorporates by reference the preceding paragraphs of the Complaint. Therefore, Coughlin answers by incorporating by reference the preceding paragraphs of this answer.

1.66  Complaint paragraph 66 asserts a conclusion of law to which no answer is required.

1.67  Complaint paragraph 67 asserts a conclusion of law to which no answer is required.

1.68  Coughlin admits that the Dallas City Council is its policymaker as pleaded in Complaint paragraph 68 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Complaint paragraph 68.

1.69  Coughlin denies as stated the allegations pleaded in Complaint paragraph 69.

1.70  Coughlin denies the allegations pleaded in Complaint paragraph 70.

1.71  Coughlin denies the allegations pleaded in Complaint paragraph 71.

1.72  Complaint paragraph 72 asserts a conclusion of law to which no answer is required.

1.73 Coughlin denies the allegations pleaded in Complaint paragraph 73.

1.74 Coughlin denies the allegations pleaded in Complaint paragraph 74.

1.75 Coughlin denies the allegations pleaded in Complaint paragraph 75.

1.76 Coughlin denies the allegations of Complaint paragraph 76, and denies that Plaintiff is entitled to any damages, judgment, or other relief of any kind or nature.

1.77 With respect to the jury demand contained in Complaint paragraph 77, Coughlin admits that Plaintiff is permitted to demand a trial by jury. Coughlin also requests a trial by jury.

1.78 Coughlin denies all allegations in Complaint paragraph 78, and denies that Plaintiff is entitled to any damages, judgment, or other relief of any kind or nature.

## II.   DEFENSES

2.1 Coughlin affirmatively pleads that Plaintiff has failed to state a claim against Coughlin upon which relief can be granted.

2.2 Coughlin affirmatively pleads that he did not engage in any conduct that violated Plaintiff's constitutional rights.

2.3 Coughlin affirmatively pleads that all actions taken by him with respect to the Plaintiff and the events on which this action is based were in good faith and pursuant to an in accordance with proper police procedures and federal laws.

2.4 Coughlin pleads that he was at all relevant times a public or government official: to wit, a police officer, employed at the time of the incident in question by the City of Dallas; is entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without objective malice and without an intent to deprive Plaintiff of any legally protected rights.  Coughlin had an objectively reasonable, good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a police officer, and that Coughlin's actions were objectively reasonable under the

circumstances known to Coughlin when he acted. Coughlin pleads further that he was not plainly incompetent, and he did not violate clearly established law of which a reasonable person would have known.

### III. COUNTERCLAIM

3.1     Pursuant to 42 U.S.C. §§ 1983 and 1988, Coughlin asserts a counterclaim for his reasonable costs, including attorney's fees, incurred in defending the claims pleaded against him in the Complaint. Coughlin incorporates by reference the admissions, denials, and pleadings contained in this answer.

3.2     Coughlin would show that Plaintiff's claims against him in his Complaint are frivolous, groundless, and/or brought for purposes of harassment. Plaintiff's allegations and legal contentions regarding Coughlin's alleged misconduct are without evidentiary support, and Plaintiff was aware that his claims lacked evidentiary support and legal merit at the time that he filed his Complaint.

### IV. DEMAND FOR JURY TRIAL

4.1     Coughlin respectfully demands a trial by jury.

WHEREFORE, Defendant Coughlin requests that the Court deny all relief requested by the Plaintiff; dismiss with prejudice Plaintiff's claims against him, render a judgment that Plaintiff shall take nothing from Coughlin in this action, enter judgment against Plaintiff in favor of Coughlin for his attorney's fees and costs; and that the Court further grant Coughlin all such other relief to which he is entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

s/*Tatia R. Wilson*
Lindsay Wilson Gowin
Senior Assistant City Attorney
Texas State Bar No. 24111401
lindsay.gowin@dallascityhall.com

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com

Devin Q. Alexander
Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

*Attorneys for Defendant John Coughlin*

## CERTIFICATE OF SERVICE

I certify that on August 16, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney